**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Kuchenberg, ) | No. CIV 10-726-TUC-GEE |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Michael J. Astrue, Commissioner of ) Social Security, ) | |
| Defendant. ) | |

Pending before the court is the defendant's motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e).  (Doc. 17)

The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. §405(b).  In an order issued on July 5, 2011, this court reversed the Commissioner's final decision and remanded the case for payment of benefits.  The Commissioner then filed the instant motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) arguing this action should have been remanded for further proceedings rather than for an award of benefits.

Discussion

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;  2) the

moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (punctuation modified).

The Commissioner does not argue there has been an intervening change in the controlling law, that he has newly discovered evidence, or that this court has committed "manifest errors of law or fact." *See Turner*, 338 F.3d at 1063. Neither does the Commissioner present any evidence that this court's resolution of the case will result in a "manifest injustice." *Id*. Instead, the Commissioner argues there is case law that supports remanding the action for further proceedings rather than for payment of benefits. He urges this court to exercise its discretion and amend the judgment accordingly. At best, the Commissioner's argument supports the proposition that reasonable minds could differ over the best resolution of this action. This is an insufficient premise upon which to base a motion pursuant to Fed.R.Civ.P. 59(e). Accordingly,

IT IS ORDERED that the defendant's motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) is DENIED. (Doc. 17)

DATED this 12th day of September, 2011.

_____
Glenda E. Edmonds
United States Magistrate Judge