**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Kuchenberg,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>    Defendant. | No. CIV 10-726-TUC-GEE<br><br>**ORDER** |

Pending before the court is the plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA) filed on October 13, 2011. (Doc. 21)

The plaintiff filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(b). In an order issued on July 5, 2011, this court reversed the Commissioner's final decision and remanded the case for payment of benefits. The plaintiff moves for attorney's fees and costs in the amount of $6765.86 pursuant to the EAJA, 28 U.S.C. § 2412(d). The defendant filed a response arguing the motion for attorney's fees should be denied because the government's position was substantially justified. The defendant does not object to the plaintiff's request for costs. The plaintiff did not file a reply.

Discussion

Pursuant to the Equal Access to Justice Act (EAJA):

> [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless* the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust.

*Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (quoting 28 U.S.C. § 2412(d)(1)(A)) (emphasis added); *see also Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The phrase "fees and other expenses" includes reasonable attorney's fees. *Shafer*, 518 F.3d at 1071.

The plaintiff in this case argues that attorney's fees in the amount of $6,415.86 and costs in the amount of $350.00 should be awarded. The Commissioner argues only that the motion should be denied because the government's position was "substantially justified." (Doc. 22)

"'Substantial justification' under the EAJA means that the government's position must have a reasonable basis in law and fact." *Shafer*, 518 F.3d at 1071. "The government's position must be substantially justified at each stage of the proceedings." *Id*.

In this case, the court overturned the decision of the ALJ because she failed to provide "specific and legitimate" reasons before discounting the opinion of disability provided by the examining physician, Noelle Rohen, Ph.D. (Doc. 15) Discounting a physician's opinion without proper justification is a "basic and fundamental" error. *Shafer*, 518 F.3d at 1071-72. Absent special circumstances, "the defense of basic and fundamental errors . . . is difficult to justify." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). Accordingly, the Commissioner's decision to defend the ALJ's error here was not substantially justified. *See, e.g., Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (Where the ALJ, *inter alia*, "rejected a treating physician's opinion in favor of a non-treating physician's opinion without providing clear and convincing reason," the Commissioner's defense of the ALJ's decision was not substantially justified.); *Sharp v. Astrue*, 2010 WL 1759287 (D.Ariz. 2010) (Where the ALJ failed "to provide specific and legitimate reasons for rejecting a treating physician's opinion" and failed "to provide clear and convincing reasons for discrediting Plaintiff's subjective complaints," the Commissioner's defense of the ALJ's decision was not substantially justified.).

The Commissioner argues that reasonable minds could differ as to the weight that should have been accorded Rohen's opinions. (Doc. 22, pp. 4-6) He points to evidence in the record that the plaintiff was working two part-time jobs and engaging in other activities. *Id*. He further notes that Rohen's opinion was based on the plaintiff's subjective complaints rather than on objective findings. *Id*.

The Commissioner seems to be arguing that the record contains sufficient evidence that the ALJ *could* have provided "specific and legitimate" reasons to support her decision to discount Rohen's opinion of disability. In sum, the Commissioner is arguing that reasonable minds could have differed on whether or not the plaintiff was disabled. This is not the test. It does not matter what the ALJ could have done. It only matters what the ALJ did and what the government did in response.

"Where, as here, the ALJ's decision was reversed on the basis of procedural errors, the question is not whether the government's position as to the merits of [the claimant's] disability claim was substantially justified." *Shafer*, 518 F.3d at 1071. "Rather, the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Id*.

Here, the government decided to defend the ALJ's failure to provide specific and legitimate reasons before discounting the opinion of an examining physician. That decision was not substantially justified.

IT IS ORDERED that the plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA) filed on October 13, 2011 is GRANTED. (Doc. 21) The plaintiff is awarded attorney's fees in the amount of $6,415.86 and costs in the amount of $350.00.

DATED this 29th day of November, 2011.

_____
Glenda E. Edmonds
United States Magistrate Judge

- 3 -